MARK R.S. FOSTER (SBN 223682)
mark.foster@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 UNIVERSITY AVE.
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:  (650) 470-4570

PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

*Attorneys for Defendants Scott W. H. Seu, Thomas B. Fargo, Celeste A. Connors, Elisia K. Flores, Peggy Y. Fowler, Micah A. Kane, Yoko Otani, Richard J. Dahl, Keith P. Russell, Michael J. Kennedy, William James Scilacci, Jr., Eva T. Zlotnicka, Mary G. Powell, Constance H. Lau, Paul K. Ito, Gregory C. Hazelton, James K. Scott, Kevin H. Taketa and Jeffrey N. Watanabe and Nominal Defendant Hawaiian Electric Industries, Inc.*

*[Additional counsel listed on signature page.]*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PATRICK KALLAUS, Derivatively on Behalf of Nominal Defendants HAWAIIAN ELECTRIC INDUSTRIES, INC. and HAWAIIAN ELECTRIC COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY E. JOHNS, JAMES A. AJELLO, SCOTT W. H. SEU, THOMAS B. FARGO, CELESTE A. CONNORS, ELISIA K. FLORES, PEGGY Y. FOWLER, MICAH A. KĀNE, YOKO OTANI, RICHARD J. DAHL, KEITH P. RUSSELL, MICHAEL J. KENNEDY, WILLIAM JAMES SCILACCI, JR., MARY E. KIPP, ALANA K. PAKKALA, TOBY B. TANIGUCHI, KEVIN M. BURKE, EVA T. ZLOTNICKA, MARY G. POWELL, | Case No. 3:23-cv-06627-JSC <br><br> **CLASS ACTION** <br><br> **STIPULATION AND [PROPOSED] ORDER TO (1) ACCEPT SERVICE OF PROCESS, (2) CONSOLIDATE CASES, (3) APPOINT CO-LEAD COUNSEL AND LIAISON COUNSEL, (4) EXTEND DEFENDANTS' TIME TO RESPOND TO THE COMPLAINTS AND (5) VACATE INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES** <br><br> Honorable Jacqueline Scott Corley |

| | |
|---|---|
| CONSTANCE H. LAU, PAUL K. ITO, GREGORY C. HAZELTON, SHELEE M. T. KIMURA, and TANYE S. Y. SEKIMURA, | ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| HAWAIIAN ELECTRIC INDUSTRIES, INC. and HAWAIIAN ELECTRIC COMPANY, INC., | ) ) ) ) |
| Nominal Defendants. | ) ) ) |

Pursuant to Rules 6-2 and 7-12 of the Northern District of California Civil Local Rules ("Civil Local Rule"), plaintiff Patrick Kallaus ("Kallaus") in the above-captioned action (the "*Kallaus* Derivative Action"), plaintiff Michael Cole ("Cole") in the related action captioned *Cole v. Johns, et al.*, No. 3:24-cv-00598-JSC (N.D. Cal.) (the "*Cole* Derivative Action"), and plaintiff Alexander Tai ("Tai," and together with Kallaus and Cole, "Plaintiffs") in the related action captioned *Tai v. Seu, et al.*, No. 3:24-cv-01198-JSC (N.D. Cal.) (the "*Tai* Derivative Action"), along with defendants Timothy E. Johns, James A. Ajello, Scott W. H. Seu, Thomas B. Fargo, Celeste A. Connors, Elisia K. Flores, Peggy Y. Fowler, Micah A. Kāne, Yoko Otani, Richard J. Dahl, Keith P. Russell, Michael J. Kennedy, William James Scilacci, Jr., Mary E. Kipp, Alana K. Pakkala, Toby B. Taniguchi, Kevin M. Burke, Eva T. Zlotnicka, Mary G. Powell, Constance H. Lau, Paul K. Ito, Gregory C. Hazelton, Shelee M. T. Kimura, Tayne S. Y. Sekimura, James K. Scott, Kevin H. Taketa, Jeffrey N. Watanabe, Alan Oshima (collectively, the "Individual Defendants")[1] and nominal defendants Hawaiian Electric Industries, Inc. ("HEI") and Hawaiian Electric Company, Inc. ("HECO," and together with HEI and the Individual Defendants, "Defendants," and Defendants together with Plaintiffs, the "Parties"), hereby agree and stipulate subject to the terms below that good cause exists to request an order from the Court (A) accepting service of process on behalf of all Defendants of the initial *Kallaus*, *Cole* and *Tai* complaints; (B) consolidating the *Kallaus*, *Cole* and *Tai* Derivative Actions; (C) appointing Co-Lead Counsel and Liaison Counsel; (D) extending Defendants' time to respond to the *Kallaus*, *Cole* and *Tai* complaints; (E) vacating the Initial Case Management Conferences scheduled for March 28, 2024, and May 2, 2024 and all associated deadlines; and (F) vacating the Alternative Dispute Resolution ("ADR") deadlines set by the Court.

A.    On August 24, 2023, a putative securities class action complaint captioned *Bhangal v. Hawaiian Electric Industries, et al.*, No. 3:23-cv-04332-JSC (N.D. Cal.) (the "*Bhangal* Securities

---

[1] Individual Defendants James K. Scott, Kevin H. Taketa, Alan Oshima, and Jeffrey N. Watanabe, are named as defendants only in the *Tai* Derivative Action. Barry K. Taniguchi is also named as a defendant in the *Tai* Derivative Action. Upon information and belief, Defendants submit that Mr. Taniguchi passed away in 2019. Mr. Taniguchi does not join in this Stipulation and Proposed Order and is not included in the definitions of Individual Defendants or Defendants herein.

Action") was filed against HEI and certain of its current and former officers and directors for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (*Bhangal* ECF No. 1).

B. On December 26, 2023, the *Kallaus* Derivative Action was filed, purportedly on behalf of HEI and HECO, against the Individual Defendants, who are current and former officers and directors of HEI and HECO. The *Kallaus* complaint brings state law breach of fiduciary duty, corporate waste and unjust enrichment claims purportedly arising from conduct leading to the fires that occurred on Maui in August 2023 and certain of HEI's public disclosures. The *Kallaus* complaint also alleges violations of Section 10(b) of the Exchange Act against certain of HEI's current and former directors and officers, and seeks contribution under Section 21D. In addition, the *Kallaus* complaint asserts violations of Section 14(a) against certain of HEI's current and former directors.

C. On January 8, 2024, the Court determined that the *Kallaus* Derivative Action is related to the *Bhangal* Securities Action. (*Bhangal* ECF No. 63.)

D. On January 23, 2024, Kallaus sent a letter addressed to the HEI and HECO boards of directors asserting that he is an HEI shareholder and demanding the initiation of an investigation into allegations of mismanagement and the pursuit of legal action against any directors or officers who have breached their fiduciary duties to the companies (the "Kallaus Letter").

E. On January 31, 2024, the *Cole* Derivative Action was filed, purportedly on behalf of HEI and HECO, against the Individual Defendants and asserting substantially similar claims to those alleged in the *Kallaus* Derivative Action.

F. On February 13, 2024 the Court determined that the *Cole* Derivative Action is related to the *Bhangal* Securities Action and the *Kallaus* Derivative Action. (*Bhangal* ECF No. 66.)

G. On February 14, 2024, independent directors on the HEI board informed Kallaus that they have determined that pursuit of the actions set forth in the Kallaus Letter is not in the best interests of HEI and HECO at this time.

  H. On February 15, 2024, Cole sent a letter addressed to the HEI and HECO boards of directors asserting that he is an HEI shareholder and demanding the initiation of an investigation into allegations of mismanagement and the pursuit of legal action against any directors or officers who have breached their fiduciary duties to the companies (the "Cole Letter").

  I. There has not yet been any response to the Cole Letter.

  J. On February 28, 2024, the *Tai* Derivative Action was filed, purportedly on behalf of HEI and HECO, against the Individual Defendants and asserting substantially similar claims to those alleged in the *Kallaus* and *Cole* Derivative Actions.

  K. The *Tai* Derivative Action is related to the *Bhangal* Securities Action and the *Kallaus* and *Cole* Derivative Actions. (*Bhangal* ECF No. 71.)

  L. On March 6, 2024, Tai sent a letter addressed to the HEI and HECO boards of directors asserting that he is an HEI shareholder and demanding the initiation of an investigation into allegations of mismanagement and the pursuit of legal action against any directors or officers who have breached their fiduciary duties to the companies (the "Tai Letter").

  M. There has not yet been any response to the Tai Letter.

  N. Initial Case Management Conferences have been scheduled for March 28, 2024 in the *Kallaus* Derivative Action, May 2, 2024 in the *Cole* Derivative Action, and has yet to be rescheduled in the recently reassigned *Tai* Derivative Action now pending before the Court, and ADR deadlines have also been set by the Court in the three actions.

  O. The Parties have conferred regarding service of process and, in order to conserve the Parties' resources, counsel for Defendants agree to accept service of process of the *Kallaus*, *Cole* and *Tai* complaints on behalf of all Defendants, effective upon the Court's approval of this Stipulation and [Proposed] Order, without prejudice to or waiver of any rights, remedies, objections, defenses or arguments, except as to the absence of a summons or service.

  P. Given the common issues of law and fact, and for the sake of efficient case management, the Parties agree that the *Kallaus*, *Cole* and *Tai* Derivative Actions should be consolidated (the "Consolidated Derivative Action").

Q. Plaintiffs intend to file a consolidated amended complaint in the Consolidated Derivative Action and Defendants anticipate moving to dismiss the consolidated amended complaint.

R. Because the *Kallaus*, *Cole* and *Tai* Derivative Actions assert claims under the Exchange Act, they are subject to an automatic stay of discovery imposed by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(B), pending the Court's adjudication of any motions to dismiss. For that reason, it is premature for the Parties to have discussions on the subjects contemplated by Federal Rules of Civil Procedure 16 and 23(f) and to have an Initial Case Management Conference.

NOW, THEREFORE, the Parties, subject to approval of the Court, hereby stipulate and agree as follows:

1. Undersigned counsel for Defendants are authorized to accept, and upon the Court's approval of this Stipulation and [Proposed] Order do accept, service of the summons and initial complaints on behalf of all Defendants identified above in the *Kallaus*, *Cole* and *Tai* Derivative Actions, without prejudice to or waiver of any rights, remedies, objections, defenses or arguments, except as to absence of a summons or the sufficiency of service of process.

2. The *Kallaus*, *Cole* and *Tai* Derivative Actions shall be consolidated.

3. The Consolidated Derivative Action shall bear the following caption:

| IN RE HAWAIIAN ELECTRIC INDUSTRIES, INC. and HAWAIIAN ELECTRIC COMPANY, INC. DERIVATIVE LITIGATION | Case No. 3:23-cv-06627-JSC |
|---|---|

4. All papers filed in connection with the Consolidated Action need only be filed in Case No. 3:23-cv-06627-JSC.

5. The law firms Gainey McKenna & Egleston ("GME") and Rigrodsky Law, P.A. ("Rigrodsky Law") are appointed Co-Lead Counsel in the Consolidated Derivative Action. Defendants take no position on the Court's appointment of lead counsel.

6.     Co-Lead Counsel shall have sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement, and shall assign all work in their discretion in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid unnecessarily duplicative or unproductive effort.

7.     Co-Lead Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel. Co-Lead Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

8.     Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on Plaintiffs.

9.     The law firm of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") is appointed Liaison Counsel in the Consolidated Derivative Action ("Liaison Counsel"). Defendants take no position on the Court's appointment of Liaison Counsel.

10.    Liaison Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel.

11.    This Order shall apply to each derivative action on behalf of Hawaiian Electric Industries, Inc. and Hawaiian Electric Company, Inc. subsequently filed in or transferred to the United States District Court for the Northern District of California that relates to the same subject matter as the Consolidated Derivative Action. Any such subsequently filed action shall be automatically consolidated into this action.

12.    Plaintiffs intend to file a consolidated amended complaint in the Consolidated Derivative Action and Defendants anticipate moving to dismiss the consolidated amended complaint.

13.    Pursuant to Civil Local Rule 6-2, Defendants are excused from the obligation to answer, move to dismiss or otherwise respond to the initial *Kallaus*, *Cole* and *Tai* complaints.

14. Within seven (7) calendar days after the later of the responses to the Cole Letter and the Tai Letter, the Parties will meet and confer and submit a proposed schedule for the filing of a consolidated amended complaint and subsequent proceedings.

15. Pursuant to Civil Local Rule 16-2, the Initial Case Management Conferences scheduled for March 28, 2024 and May 2, 2024 are vacated, along with any associated deadlines under the Federal Rules of Civil Procedure and Civil Local Rules. All associated ADR deadlines are likewise vacated, to be reset for dates as the Court shall determine to be appropriate.

16. Defendants expressly preserve all defenses or objections to the Consolidated Derivative Action, including, without limitation, jurisdictional defenses and objections to the venue of the action, but waive any objections to the absence of a summons or the sufficiency of service of process.

IT IS SO STIPULATED.

DATED: March 14, 2024

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: */s/ Mark R.S. Foster*
　　　Mark R.S. Foster

*Attorneys for Defendants Scott W. H. Seu, Thomas B. Fargo, Celeste A. Connors, Elisia K. Flores, Peggy Y. Fowler, Micah A. Kane, Yoko Otani, Richard J. Dahl, Keith P. Russell, Michael J. Kennedy, William James Scilacci, Jr., Eva T. Zlotnicka, Mary G. Powell, Constance H. Lau, Paul K. Ito, Gregory C. Hazelton, James K. Scott, Kevin H. Taketa and Jeffrey N. Watanabe and Nominal Defendant Hawaiian Electric Industries, Inc.*

DATED: March 14, 2024

SHEARMAN & STERLING LLP

By: */s/ Daniel H.R. Laguardia*
　　　Daniel H.R. Laguardia (SBN 314654)
　　　140 New Montgomery Street, 10th Floor
　　　San Francisco, CA 94105

　　　Adam S. Hakki (pro hac vice forthcoming)
　　　599 Lexington Avenue
　　　New York, New York 10022
　　　Telephone: (212) 848-4000

*Attorneys for Defendants Timothy E. Johns, James A. Ajello, Mary E. Kipp, Alana K. Pakkala, Toby B. Taniguchi, Kevin M. Burke, Shelee M. T. Kimura, Alan Oshima, Tayne S. Y. Sekimura, and Nominal Defendant Hawaiian Electric Company, Inc.*

DATED: March 14, 2024

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By: */s/ Betsy C. Manifold*
Betsy C. Manifold (SBN 182450)
Alex J. Tramontano (SBN 276666)
750 B Street, Suite 1820
San Diego, California 92101
Telephone: (619) 239-4599

GAINEY McKENNA & EGLESTON
Gregory M. Egleston (pro hac vice forthcoming)
501 Fifth Avenue, 19th Fl.
New York, New York 10017
Phone: (212) 983-1300

*Attorneys for Plaintiff Patrick Kallaus*

DATED: March 14, 2024

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By: */s/ Betsy C. Manifold*
Betsy C. Manifold (SBN 182450)
Alex J. Tramontano (SBN 276666)
750 B Street, Suite 1820
San Diego, California 92101
Telephone: (619) 239-4599

RIGRODSKY LAW, P.A.
Seth D. Rigrodsky (pro hac vice forthcoming)
Timothy J. MacFall (pro hac vice forthcoming)
Gina M. Serra (pro hac vice forthcoming)
Vincent A. Licata (pro hac vice forthcoming)
Samir Aougab (pro hac vice forthcoming)
825 East Gate Boulevard, Suite 300
Garden City, New York 11530
Telephone: (516) 683-3516

GRABAR LAW OFFICE
Joshua H. Grabar (pro hac vice forthcoming)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: 267-507-6085

*Attorneys for Plaintiff Michael Cole*

DATED: March 14, 2024

THE ROSEN LAW FIRM, P.A.

By: */s/ Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (213) 785-2610

*Attorneys for Plaintiff Alexander Tai*

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in filing this stipulation.

DATED: March 14, 2024

By: */s/ Mark R.S. Foster*
Mark R.S. Foster

**[~~PROPOSED~~] ORDER**

PURSUANT TO STIPULATION, **IT IS SO ORDERED.**

DATED: March 19, 2024

_____
HONORABLE JACQUELINE SCOTT CORLEY
UNITED STATES DISTRICT JUDGE