UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE HAWAIIAN ELECTRIC INDUSTRIES, INC. and HAWAIIAN ELECTRIC COMPANY, INC. DERIVATIVE LITIGATION

Case No. 23-cv-06627-JSC

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

Re: Dkt. No. 62

Pending before the Court is Plaintiffs' Notice of Voluntary Dismissal pursuant to Federal Rules of Civil Procedure 41 and 23.1. (Dkt. No. 62.) Nominal defendant Hawaiian Electric Industries, Inc. (HEI) opposes dismissal. After carefully considering the parties' submissions, and having had the benefit of oral argument on January 30, 2025, the Court in its discretion DISMISSES this action without prejudice.

**DISCUSSION**

On December 26, 2023, Patrick Kallaus filed a shareholder derivative complaint. (Dkt. No. 1.) Michael Cole and Alexander Tai subsequently filed derivative actions "asserting substantially similar claims to those alleged" in Kallaus's complaint. (Dkt. No. 17 at 4-5.) The three derivative actions were consolidated, and Plaintiffs filed an amended complaint. (Dkt. Nos. 17, 25-1.)

Nominal defendant HEI moved to dismiss or stay the action. (Dkt. Nos. 29, 30.) In addition, shareholders who filed similar derivative actions in Hawaii federal and state courts moved to intervene. (Dkt. Nos. 39, 48.) After the motions were fully briefed, the parties asked for, and were granted, a continuance of the hearing on the motions pending private mediation.

(Dkt. No. 58.)  The mediation occurred on January 22, 2025.  Two days later, Plaintiffs filed a Notice of Voluntary Dismissal.  (Dkt. No. 62.)

Plaintiffs' Voluntary Dismissal falls within Federal Rule of Civil Procedure 41(a)(1)(A) as the notice of dismissal was filed before any defendant answered or moved for summary judgment.  Under that rule, no court order is required to effectuate the dismissal.  But, the Voluntary Dismissal is also governed by Federal Rule of Civil Procedure 23.1.  That Rule provides:

> A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval.  Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

Fed. R. Civ. P. 23.1(c).  So, Plaintiffs' Notice of Voluntary Dismissal sought the Court's approval.  (Dkt. No. 62 at 5).  Further, it asserted that the shareholders need not be provided notice of the dismissal because "similar derivative claims are still being pursued on behalf of the Company in three actions venued in the State of Hawaii." (*Id.* at 4.)

HEI urges the Court to deny dismissal.  As a preliminary matter, HEI argues the dismissal request is procedurally improper because it was not brought pursuant to a noticed motion.  The Ninth Circuit case HEI cites, *Carter v. Beverly Hills Sav. & Loan Ass'n*, 884 F.2d 1186, 1191 (9th Cir. 1989), does not so hold.  It involved a dismissal made after an answer had been filed, so Rules 41(a)(1)(A)(ii) and 41(a)(2), rather than Rule 41(a)(1)(A)(i), governed.  Plaintiffs' request here is governed by Rule 41(a)(1)(A)(i).

That being said, Rule 23.1 requires Court approval.  And Northern District of California Civil Local Rule 7 sets forth requirements for presenting written requests to the Court:

> Any written request to the Court for an order must be presented by one of the following means:
>
> (1) A duly noticed motion pursuant to Civil L.R. 7-2;
> (2) A motion to enlarge or shorten time pursuant to Civil L.R. 6-1;
> (3) When authorized, an ex parte motion pursuant to Civil L.R. 7-10;
> (4) When applicable, a motion for administrative relief pursuant to Civil L.R. 7-11;
> (5) A stipulation of the affected parties pursuant to Civil L.R. 7-12; or
> (6) A motion regarding an Order or Recommendation of a Magistrate Judge pursuant to Civil L.R. 72-2 or 72-3.

(N.D. Cal. Civ. L.R. 7-1(a).)  Only 7-1(a)(1) appears to apply to Plaintiffs' request; so, absent a stipulation, Plaintiffs should have filed a duly noticed motion.

But, HEI filed a robust opposition to Plaintiffs' dismissal request, and Plaintiffs filed a reply.  (Dkt. Nos. 65, 74.)  And, the Court heard oral argument on January 30, 2025.  So, Plaintiffs' voluntary dismissal request is ripe for decision.

HEI insists dismissal is unwarranted because Plaintiffs are engaging in improper forum shopping.  The Court is not persuaded.  Plaintiffs seek to dismiss this case to "join with [the plaintiffs in the other derivative actions] in Hawaii to pursue the derivative claims on behalf of the Company."  (Dkt. No. 62 at 3.)  Pursuing the derivative claims in Hawaii makes eminent sense.  First, HEI is headquartered in Hawaii and all of the alleged misconduct occurred in Hawaii.  Indeed, HEI is a Hawaiian utility.  Second, the fire that led to the misconduct allegations occurred in Hawaii.  Third, dismissing this action will avoid piecemeal litigation by having all of the derivative actions in a Hawaii court instead of a California federal court.  Fourth, HEI is not prejudiced by the dismissal.  Indeed, HEI is currently seeking a stay of this action.  With the dismissal it gets more than a stay—its gets a dismissal.  And, the Hawaiian actions are currently stayed and HEI can seek to continue those stays pending resolution of the securities action.  That Plaintiffs have changed their position since their initial opposition to the Hawaii derivative plaintiffs' motions to intervene is of no moment.  Litigants and their counsel are supposed to be open to changing their minds.  If that was not the case, then lawsuits would never settle.

The cases upon which HEI relies are distinguishable.  In *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986), the court found the consolidation explanation was baseless and done to avoid an adverse ruling.  Not so here given Plaintiffs' dismissal request came two days after the unsuccessful mediation for which Plaintiffs cooperated with the other derivative action plaintiffs.  And in *Terrovona v. Kinchloe*, 852 F.2d 424, 429-30 (9th Cir. 1988), the dismissal request came *after* a magistrate judge had already issued a report and recommendation on a summary judgment motion.

Finally, the Court finds that notice to the shareholders is not required.  As was demonstrated at oral argument, it would serve no purpose other than to impose unnecessary costs

3

in contravention of Federal Rule of Civil Procedure 1.

## CONCLUSION

For the reasons stated, Plaintiffs' request to voluntarily dismiss this action without prejudice is APPROVED. No notice to the HEI shareholders is required.

This Order disposes of Docket No. 62. The Clerk shall terminate the case.

**IT IS SO ORDERED.**

Dated: January 30, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge